UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TYRONE NOEL NUNN, | Case No. 3:24-CV-00076-CLB |
|---|---|
| Plaintiff | **ORDER DISMISSING CASE** |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

On February 13, 2024, Plaintiff Tyrone Noel Nunn ("Plaintiff") filed a civil rights complaint with the Court. (ECF No. 1-1.) However, Plaintiff did not submit an application to proceed *in forma pauperis* ("IFP"). Thus, the Court ordered that Plaintiff either submit an IFP application or pay the full filing fee by March 29, 2024. (ECF No. 4.) The Court cautioned Plaintiff that his failure to timely comply with the order would subject his case to a dismissal without prejudice. (*Id.*) To date, Plaintiff has not complied with the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. In the order directing that Plaintiff file a complete IFP application or pay the full filing fee, the order also stated that if Plaintiff failed to timely comply, the case would be subject to dismissal without prejudice. (ECF No. 4.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, **IT IS ORDERED** that this action be **DISMISSED** without prejudice based on Plaintiff's failure to pay the filing fee or file a fully complete IFP application in compliance with this Court's February 14, 2024 order (ECF No. 4); and,

**IT IS FURTHER ORDERED** that the Clerk of Court **ENTER JUDGMENT** accordingly.

**DATED**: April 3, 2024           .

_____
**UNITED STATES MAGISTRATE JUDGE**